# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:10cv297

| | |
|---|---|
| EDWARD ERNEST REINHART, and wife, JANELLE MARIE BLANCHARD, and son, TIMOTHY M. REINHART, <br><br> Plaintiffs, <br><br> vs. <br><br> THE CITY OF BREVARD, a North Carolina Municipal Corporation, <br><br> Defendant. | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiffs' Motion to Remand [Doc. 11].

## PROCEDURAL HISTORY

On November 24, 2010, the Plaintiffs initiated an action in state court alleging state law claims for trespass to property and inverse condemnation as well as constitutional claims pursuant to both the state and federal constitutions. [Doc. 1-1]. On December 21, 2010, the Defendant removed the action to this Court alleging that the Complaint contained allegations of violations of the Fifth and Fourteenth Amendments to the Constitution. [Doc.

1].

The Defendant answered and counterclaimed. [Doc. 3]. On January 20, 2011, the Plaintiff moved for leave to amend the complaint in order to delete the federal question claims and to add a state law claim for nuisance. [Doc. 5]. In the motion, Plaintiffs' counsel candidly disclosed that if amendment were allowed, he would move the Court to remand the case to state court. [Id.]. The Defendant did not respond to the motion and on February 10, 2011, the Magistrate Judge granted the Plaintiff's motion for leave to amend the complaint. [Doc. 7]. The Amended Complaint, filed on February 17, 2011, contains no federal question claims but does contain the additional state law nuisance claim. [Doc. 8]. The Defendant's Amended Answer with Counterclaims contains only state law counterclaims. [Doc. 9].

## DISCUSSION

The Plaintiffs have moved to remand the case to state court pursuant to 28 U.S.C. §1367(c) which provides that a district court may decline to exercise supplemental jurisdiction over pendent state law claims when the court has dismissed all claims over which it had original jurisdiction. [Doc. 11]. In this case, however, the Court has not dismissed the federal question claims; instead, the Plaintiffs amended the complaint and deleted them. The

Defendant cries foul, arguing that this amounts to nothing more than forum shopping.[1] The Court cannot overlook the fact, however, that defense counsel never responded or otherwise objected to the Plaintiffs' motion to amend the complaint. Nor should it be overlooked that the Plaintiffs have consistently stated the original federal constitutional claims were merely an alternative basis for relief which they readily dropped from a lawsuit originally filed in state court to resolve claims involving the condition of real property in Transylvania County. [Doc. 16].

> [The Plaintiffs] had mixed motives in moving to amend the Complaint. While [they] clearly wanted to avoid federal court, [they] also had substantive reasons for amending the pleadings. [Their] counsel candidly represented to the Court that in drafting the Complaint, he never intended to [assert anything other than alternative federal claims]. It was his intention to allege [state law claims].
> ...
> [Plaintiffs] had a substantive and meritorious reason to amend the Complaint other than simply defeating federal jurisdiction. Once the [Court finds] the amendment to be made in good faith, the decision to remand to state court reside[s] within the discretion of the trial court.

Harless v. CSX Hotels, Inc., 389 F.3d 444, 448 (4th Cir. 2004).

The Court thus finds that post-removal amendment of a complaint which

---

[1] The Defendant relies on Lambert v. Gates County, 2001 WL 34556317 (E.D.N.C. 2001), which is inapposite to the case at hand because that court found the plaintiff had no reason to drop all federal claims except to forum shop.

3

has the effect of eliminating federal questions does not divest this Court of subject matter jurisdiction. Id.; Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1998); Wood v. Durham County Bd. of Educ., 2011 WL 723048 **3 (M.D.N.C. 2011). This Court may, nonetheless, decline to exercise supplemental jurisdiction over these state law claims and remand the action to state court. Harless, 389 F.3d at 448-49. This discretion may be exercised "upon a proper determination that retaining jurisdiction over the case would be inappropriate" considering "the principles of economy, convenience, fairness, and comity[.]" Cohill, 484 U.S. at 357.

The filing of the motion to remand effectively halted the case while the motion remained under advisement. Therefore, the case remains in the earliest stage of litigation; indeed, an initial attorneys' conference has not even occurred. Henry v. UBC Product Support Center,Inc., 2008 WL 5378321 (N.D.W.Va. 2008) (noting discovery had not yet occurred). When a plaintiff eliminates federal claims at an early stage in the litigation, remand to state court best serves the considerations of economy, convenience, fairness and comity. Wood, supra.; Dominion Healthcare Servs., Inc. v. Value Options, Inc., 2009 WL 580326 **5 (M.D.N.C. 2009); Green v. Baltimore City Police Dept., 2011 WL 335868 (D.Md. 2011). The remaining claims in this action are

4

founded purely in North Carolina law based on real property located within that state and a North Carolina state court is better suited to adjudicate those claims. Id. (citing United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). "Needless decisions of state law [by federal courts] should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." Gibbs, 383 U.S. at 726. All of the above-stated reasons provide this Court with "a powerful reason to choose not to continue to exercise jurisdiction." Cohill, 484 U.S. at 351. The Court therefore, in its discretion, remands this matter to state court.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiffs' Motion to Remand [Doc. 11] is hereby **GRANTED** and this action is hereby **REMANDED** to the General Court of Justice for the State of North Carolina, Superior Court Division, Transylvania County.

Signed: November 28, 2011

Martin Reidinger
United States District Judge